H. HOHENSEE CONSTRUCTION COMPANY, INC., Plaintiff, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellant: CITY OF MILWAUKEE, Interpleaded Respondent.

*April 30—June 4, 1935.*

For the appellant there were briefs by *Bender, Trump & McIntyre,* and oral argument by *David G. Owen, Jr.,* all of Milwaukee.

For the respondent there was a brief by *Max Raskin,* city attorney, and *John E. Megna,* assistant city attorney, and oral argument by *Mr. Megna.*

FOWLER, J.    The plaintiff was constructing a sewer for the city of Milwaukee under a railway track.    The railway company ran a train into machinery of the plaintiff that was located on the track during the construction of the sewer. The plaintiff sued the railway company to recover its damages for injury to its machinery, charging negligence on the part of the railway company.    The railway company by answer admits running its train into and injuring the plaintiff's machinery, but denies that it was negligent in so doing.

The railway company interpleaded the city of Milwaukee and filed its cross complaint against it, in which it alleges that while the plaintiff was constructing a sewer for the city of Milwaukee it placed some of its machinery across defendant's track, and that while the machinery was so situated a

train of defendant collided with and injured it. The cross complaint then alleges that the railway company for consideration granted the city the right to construct the sewer referred to in the complaint through its lands, and that by the agreement by which said right was granted the city agreed that in case it (the railway company) should "suffer or become liable for any loss, cost, or damage whatsoever, in any manner arising from or growing out of constructing, the sewer, then in every such case the city would reimburse the railway company to the full amount of the loss or damage which it sustained or for which it became liable." The prayer of the cross complaint is that in case recovery be had by the plaintiff from the defendant, the defendant have recovery over against the city upon its agreement of indemnity.

To this cross complaint the city demurred on the grounds, (1) of insufficiency of the facts stated to constitute a cause of action, and (2) that the cause of action, if any the railway company has against the city, is not pleadable as a cross complaint.

(1) The city makes two contentions in support of its demurrer on the ground of the insufficiency of the facts pleaded : (a) That the agreement of indemnity does not cover damages caused by the railway company's negligence; and (b) that the city has no power to enter into a contract of indemnity.

(a) It seems sufficient on this point to say that the question of the railway company's negligence is not raised by the demurrer to the cross complaint. The cross complaint does not say anything whatever about negligence. It merely alleges the indemnity agreement, and that the damage to plaintiff's machinery arose out of the construction of the sewer. Negligence of the railway company is therefore not in issue, as between the city and the company. That issue as between them remains to be raised by an appropriate answer to the cross complaint, and the questions of the construction of the contract and whether the railway company can contract for

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

indemnity against the results of its negligence cannot arise here except upon appeal from the judgment or from an order sustaining a demurrer to the answer of the city to the cross complaint on the ground of insufficiency of facts. It seems preferable that these questions should be raised after judgment, as then the entire contract between the city and the railway company will be before us, and such circumstances, if any, as may bear upon its construction.

(b) As to the broad power of a city to enter into a contract of indemnity, the statutes provide that a city has "power to act . . . for its commercial benefit." Sec. 62.11 (5), Stats. It may contract for the construction of sewers. Sec. 62.18 (11), Stats. It may acquire lands by gift, purchase, or condemnation "to be used for purposes of drainage." Sec. 62.22 (1) (a), Stats. It may contract for the doing of public work. Sec. 62.15, Stats. This enumeration of powers implies the power to enter into an agreement of indemnity whenever such an agreement is necessary to its protection or is to its advantage in connection with any contract it has express power to make. A city thus may enter into such an agreement in connection with a grant of right to lay sewers through private property. If it may accept a gift of land for sewer purposes, it may accept it subject to such conditions as accompany the gift. If it may accept a gift of land for such purpose, it may accept a gift of an easement in land for such purpose. If it may purchase land for such purpose, it may purchase an easement in land for such purpose. If it may purchase an easement for such purpose, it may purchase it without other consideration therefor than a promise to indemnify the donor against liability resulting from the use covered by the easement, and against liability to which it is subjected during the making of the structure.

The right of a city to make a contract to indemnify it against liability under the Workmen's Compensation Act has been exercised without question ever since that act has been in force without any statute expressly conferring such power.

If the city may enter into a contract of indemnity as indemnitee, it would seem that it has the power to enter into such a contract as indemnitor. Such a contract might be, under some circumstances, of advantage to a city, as the contract here involved was deemed to be when it was made. That the contract in suit might be to the advantage of the city is manifest, as it relieved the city of the expense of condemnation proceedings and such compensation as might be awarded therein. And if a city may contract as indemnitor when such contract is to its advantage, it may do so when the contract turns out to be to its disadvantage. The power of a city to contract as indemnitor in connection with things done in a proprietary capacity was decided in *Chicago, St. P., M. & O. R. Co. v. Black River Falls,* 193 Wis. 579, 214 N. W. 451, 215 N..W. 455. The laying of sewers is done by a city in its governmental capacity, but we see no reason why the rule of the case cited should not also apply in connection with things done by a city in its governmental capacity.

(2) There is obviously no merit to the contention that the defendant's cause of action against the city is not pleadable as a cross complaint. Sec. 260.19 (3), Stats., provides that on presentment of an affidavit showing that a defendant in an action has a right of action over against another for the amount of the recovery in case of recovery against him, such other may be made a party to the action in the discretion of the court. If such other may be made a party for this reason, it follows that the defendant making him a party may set up his cause of action against him. Else why make him a party at all? The cross complaint in such case is expressly provided for by sec. 263.15 (1).

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.